UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BARRY K. F., JR.,                        )
                                         )
            Plaintiff                    )
                                         )
v.                                       )       No. 1:18-cv-00277-LEW
                                         )
NANCY A. BERRYHILL,                      )
Acting Commissioner of Social Security,  )
                                         )
            Defendant                    )

REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, in determining his residual functional capacity ("RFC"), the ALJ erred in evaluating both the opinion evidence and his subjective allegations. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 6-10. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

through December 31, 2014, Finding 1, Record at 18; that, through his date last insured for benefits ("DLI"), he had the severe impairments of personality disorder and anxiety disorder, Finding 3, *id.*; that, through his DLI, he had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) except that, *inter alia*, on a sustained, competitive basis, he could understand and remember simple instructions, use judgment in making simple work-related decisions, respond appropriately to coworkers, supervisors, and usual work situations, not involving the public, and adapt to routine changes in the ordinary work setting, Finding 5, *id.* at 20; that, through his DLI, considering his age (45 years old, defined as a younger individual, on his DLI), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 23; and that he, therefore, had not been disabled from October 15, 2009, his alleged onset date of disability, through December 31, 2014, his DLI, Finding 11, *id.* at 24. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past

relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Weighing of Opinion Evidence

In evaluating the plaintiff's RFC, the ALJ explained that he found a May 12, 2015, disability ratings decision by the United States Department of Veterans Affairs ("VA") of "minimal evidentiary value" and that he "remain[ed] in accord with the more reliable and consistent" analyses of agency nonexamining consultants on reconsideration, including, as relevant here, the March 5, 2014, opinion of John J. Warren, Ed.D. Record at 22-23; *see also id*. at 145-49, 412-25. He did not separately address a February 12, 2015, evaluation by VA clinical psychologist Kirsten Milliken-Zumel, Ph.D., that formed a basis for the VA's award of disability benefits. *See id*. at 22-23; *see also id*. at 412-25, 1331-43.

The plaintiff contends that the ALJ erred in (i) discounting the VA disability ratings decision solely on the basis of differences between the VA's disability determination regulations and those of the commissioner, (ii) failing to address the Milliken-Zumel opinion, and (iii) presuming the correctness of the opinions of agency nonexamining consultants who did not have the benefit of review of the VA disability ratings decision or the Milliken-Zumel opinion. *See* Statement of Errors at 6-8. None of these points provides a sufficient basis for remand.

On the first point, as the plaintiff observes, *see id*. at 6, in *Genness-Bilecki v. Colvin*, No. 1:15-cv-387-JHR, 2016 WL 4766229 (D. Me. Sept. 13, 2016), this court held that an ALJ's "out of hand" dismissal of a VA disability ratings decision "on the sole basis that the standards differ" warranted remand, *see Genness-Bilecki*, 2016 WL 4766229, at *3-4. However, that is not what

happened here. The ALJ relied not only on a detailed comparison of VA and Social Security Administration standards but also on a finding that "the contemporaneous treatment records do not verify the [plaintiff] as unable to work in any capacity[,]" as a result of which he did "not concur with the VA award of compensation[.]" Record at 22.

On the second point, as the commissioner argues, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 9, the ALJ impliedly addressed the Milliken-Zumel opinion, explaining that records postdating the agency nonexamining consultants' review contained no "persuasive, clinical affirmation" that the plaintiff was "incapacitated by his impairments[.]" Record at 22. In so stating, he cited Exhibits 14F and 15F, which contain duplicate copies of the Milliken-Zumel opinion. *See id.*; *see also id.* at 1331-43, 1505-16. In any event, as the commissioner argues in the alternative, *see* Opposition at 8, this court has held that a failure to articulate the weight given to an opinion of a one-time examining consultant can be harmless error, *see, e.g., Smythe v. Astrue*, No. 2:10-cv-251-GZS, 2011 WL 2580650, at *5 (D. Me. June 28, 2011) (rec. dec., *aff'd* July 21, 2011). That is the case here, the plaintiff having failed to demonstrate any prejudicial error with respect to the complained-of omission, *see* Statement of Errors at 7-8; *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009) (a claimant bears the burden to demonstrate harmful error in an agency's determination).

On the third and final point, as the commissioner notes, *see* Opposition at 11, an ALJ may rely on the opinions of agency nonexamining consultants who have not seen later-submitted evidence when that evidence does not "call into question their conclusions[.]" *Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *4 (D. Me. Sept. 27, 2012) (rec. dec., *aff'd* Oct. 23, 2012), *aff'd*, No. 13-1001 (1st Cir. June 7, 2013). *See also, e.g., Strout v. Astrue*, Civil No. 08-181-B-W, 2009 WL 214576, at *8-9 (D. Me. Jan. 28, 2009) (rec. dec*., aff'd* Mar. 5, 2009) (ALJ

4

did not err in relying on opinions of agency nonexamining consultants who had not had benefit of review of full record when unseen records were cumulative of those they did see). The ALJ deemed the evidence postdating the Warren opinion cumulative, *see* Record at 22-23, and the plaintiff points only to the VA disability ratings decision and the Milliken-Zumel opinion as demonstrating otherwise, *see* Statement of Errors at 7-8. However, he fails to explain how that evidence undermined the ALJ's reliance on the Warren opinion. *See id*.

Remand, accordingly, is unwarranted on the basis of the ALJ's asserted improper weighing of the opinion evidence.

### B. Evaluation of Plaintiff's Subjective Statements

The plaintiff next, and finally, contends that the ALJ erred in three respects in discounting his subjective allegations, warranting remand. *See* Statement of Errors at 8-10. Again, I find no reversible error.

The plaintiff first asserts that, in violation of Social Security Ruling 16-3p ("SSR 16-3p"), the ALJ disregarded his statements concerning the intensity, persistence, and limiting effects of his symptoms solely because they were not substantiated by the objective medical evidence. *See id*. at 9-10. However, as the commissioner rejoins, *see* Opposition at 14, that was not the case. The ALJ also cited the plaintiff's testimony at hearing that "he could not 'risk his life' for a $10.00 an hour job," his level of mental health treatment ("the record shows that despite the [plaintiff]'s allegations of crippling psychological issues, he has rarely sought mental health treatment"), Dr. Warren's opinion, and the plaintiff's "work activity as a bouncer at a sports bar in 2013[,]" which stood "in stark contrast to his professed social phobia and paranoia, or his supposed inability to deal with people." Record at 21-23 (citations omitted).

The plaintiff next contends that the ALJ erroneously found that he had "'rarely sought mental health treatment' while dismissing the large volume of medical records [that the plaintiff

5

had] submitted, . . ., many of which consisted of mental health treatment records, as 'duplicative or irrelevant' without discussion." Statement of Errors at 10 (quoting Record at 22). Yet, again, the plaintiff fails to identify evidence that might tend to show that the ALJ's characterization was either erroneous or prejudicial. *See id*; *Shinseki*, 556 U.S. 409.

The plaintiff, finally, argues that the ALJ misleadingly failed to provide his full answer to a question asked at hearing. *See* Statement of Errors at 10. In the passage of the decision at issue, the ALJ stated:

> The [plaintiff] also testified that he could not "risk his life" for a $10.00 an hour job, and when I asked what was wrong with a $10.00 an hour job, he replied that he would not earn enough at such a job to make his $600.00 per month child support payments. Again, this is immaterial, while I find this inconsistent yet notable, in view of the record that shows the [plaintiff] is already being paid additional compensation from the VA specifically for his dependent daughter.

Record at 21-22 (citations omitted).

The plaintiff complains that the ALJ omitted to mention that he further responded that "'the problem with it is [that] I don't fit in there[,]'" consistent with his testimony indicating an inability to maintain appropriate interaction with supervisors and coworkers. Statement of Errors at 10 (quoting Record at 46). Nonetheless, as the commissioner rejoins, *see* Opposition at 16-17, this constituted an additional explanation, not a modification of the initial statement on which the ALJ focused.[2]

Remand, accordingly, is unwarranted on the basis of the ALJ's asserted erroneous evaluation of the plaintiff's subjective statements.

---

[2] In any event, as the commissioner argues, *see* Opposition at 17, the plaintiff does not challenge all of the ALJ's rationales for his evaluation of the plaintiff's subjective complaints, *compare* Statement of Errors at 10-12 *with* Record at 21-22, a situation in which this court has found that an ALJ's analysis "easily survives the applicable, deferential standard of review[,]" *Brown v. Berryhill*, No. 1:17-cv-00196-JAW, 2018 WL 1891572, at *6 (D. Me. Apr. 20, 2018) (rec. dec., *aff'd* May 9, 2019) (citation and internal quotation marks omitted).

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of May, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge